USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 7 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

JAKE KNIGHT,

Defendant.

MEMORANDUM DECISION AND ORDER

17 Crim. 335 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant moves for modification of his sentence and immediate release to home confinement with a period of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Letter dated June 13, 2020 ("Compassionate Release Letter"), ECF No. 39.) Defendant filed supplemental letters on June 14 and 21, 2020, (Letter dated June 14, 2020, ECF No. 40; Letter dated June 21, 2020 ("Supplemental Letter"), ECF No. 41), and the Government filed a memorandum in opposition to Defendant's motion on July 2, 2020, (Gov't's Mem. of Law in Opp'n to Def. Jake Knight's Mot. for Release ("Gov't Opp'n"), ECF No. 44). Defendant then filed a reply on July 6, 2020 (Letter dated July 6, 2020, ("Reply Letter"), ECF No. 45.)

On May 16, 2018, this Court sentenced Defendant to 36 months' imprisonment, after Defendant pled guilty to conspiracy to commit firearms trafficking and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(g)(1), respectively. (J. in a Crim. Case, ECF No. 36.) With good time credit, Defendant is expected to be released on March 8, 2021.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the

unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant relies on the catchall provision in the Application Notes to argue that such reasons exist. Specifically, he contends that the conditions at FCI Morgantown, where he is held, prevent him from adequately protecting himself during the COVID-19 pandemic and his particular medical vulnerabilities elevate his risk for severe illness should he contract COVID-19.

Defendant suffers from Type II diabetes, hypertension, and hyperlipidemia. (Supplemental Letter at 1.) CDC guidance indicates that Type II diabetes places Defendant at increased risk of suffering serious complications should he contract COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 14, 2020). Moreover, hypertension is listed as a condition that "*may* increase your risk of severe illness from COVID-19." *Id.* (emphasis added). The Government acknowledges that Defendant has proffered a basis, based on his diabetes diagnosis, for the Court to find that extraordinary and compelling reasons exist within Section 3582(c). (*See* Gov't Opp'n at 5.)

Defendant, however, makes few specific allegations about his experience at FCI Morgantown that would lead this Court to conclude that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Defendant's description of the conditions at FCI Morgantown are limited to his allegations of insufficient coronavirus testing—e.g., Defendant alleges that he has weekly temperature screenings, but has not had a COVID-19 test—and citations to other cases where prisoners describe the difficulty of practicing social distancing at the prison and the lack of 24-hour medical care. (*See* Compassionate Release Letter at 7, 9; Supplemental Letter at 3; Reply Letter at 4.) Defendant also raises concerns about the prevalence of coronavirus in the surrounding community and makes a number of generalized arguments about conditions in prisons across the country. (*See* Compassionate Release Letter at 6–8, 10; Reply Letter at 4.) Incarceration in a jail or prison certainly does carry an increased risk of contracting contagious diseases such as COVID-19. Defendant's compassionate release request, however, essentially relies on an argument that any individual who has Defendant's relatively common medical conditions, (*see* Compassionate Release Letter, Ex. B (Aff. of Brie Williams, M.D.), ECF No. 39-2, ¶ 9), and is held in federal prison is experiencing extraordinary and compelling circumstances warranting release. That argument does not lead to that conclusion. It is Defendant's burden to demonstrate that extraordinary and compelling reasons exist, and he has

not done so with respect to his specific circumstances and the conditions at FCI Morgantown. Moreover, though not immune to criticism, the Bureau of Prisons has implemented, and continues to adjust, procedures to mitigate the risk posed by COVID-19 to inmates. (*See* Gov't Opp'n at 7–11.)

More importantly, the 3553(a) sentencing factors strongly counsel against Defendant's release. Defendant argues that the substantial amount of time he has served on his sentence is sufficient to achieve the statutory goals of sentencing. Defendant, however, already received a substantial departure from the guidelines range (108–135 months' imprisonment), despite his involvement in a scheme to transport and sell 26 guns, dozens of magazines, and hundreds of rounds of ammunition to an individual who Defendant believed was engaged in gang activity and drug trafficking. (Gov't Opp'n at 2, 12.) Defendant's sentence appropriately reflected the gravity of his offense and the need for deterrence. Though Defendant has served more than 70% of his anticipated term of imprisonment, considering his expected good time credit, his crime is serious and warrants him serving his full term of imprisonment.

Furthermore, given the serious violent nature of his crime, Defendant has not demonstrated that his immediate release would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Defendant's request for compassionate release is DENIED.

Dated: August 17, 2020
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge